# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HERIBERTO RODRIGUEZ, | ) |  |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2: 14-0324 |
| v. | ) |  |
| JOHN E. WETZEL, et al., | ) | United States Magistrate Judge Cynthia Reed Eddy |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Presently pending is the Motion for More Definite Statement filed by Defendants (ECF No. 45). For the reasons that follow, the motion will be granted.

Plaintiff, Heriberto Rodriguez, is an inmate currently confined at SCI Pittsburgh, and is proceeding pro se. Defendants have been served with Plaintiff's handwritten Complaint, and have filed the instant Motion for a More Definite Statement under Rule 12(e) of the Federal Rules of Civil Procedure.

Federal practice demands that a plaintiff set forth the allegations he may have against others in a complaint. In assessing the adequacy of a complaint, the United States Supreme Court has advised trial courts that they must

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal*, -- U.S. ---, 129 S.Ct. 1937, 1950 (2009).

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated when assessing the adequacy of a complaint:

> District courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler*, 578 F.3d at 210 - 11.

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a pro se plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. Thus, it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be

2

'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." *Scibelli v. Lebanon County*, 219 F. App'x 221, 222 (3d Cir. 2007). Additionally, Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.R.Civ.P. 10(b).

The vehicle for a defendant to gain an understanding of the plaintiff's claims is a motion for more definite statement, made under Rule 12(e) of the Federal Rules of Civil Procedure. Rule 12(e) provides in part that:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed.R.Civ.P. 12(e).

In the instant case, Defendants have requested that the Court order Plaintiff to make a more definite statement of his claims against these defendants. The instant Complaint is handwritten, and begins on a standard complaint form, but then contains 21 pages of difficult to read run-on allegations in one continuous paragraph. The allegations appear to concern various claims each of which appears to be against various of the 22 defendants. However, it is difficult to decipher where one claim ends and another begins, which specific claims are being asserted against which specific defendants, and at times it is difficult to read Plaintiff's handwriting. This is not the first time that Plaintiff has been advised that his documents must be legible and must be in conformance with Rule 8. The Court finds that this case aptly:

> highlight[s] the particular usefulness of the Rule 12(e) motion for a more definite

3

> statement. Under Rule 12(e), a defendant may move for a more definite statement "[i]f a pleading . . . is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). The Rule 12(e) "motion shall point out the defects complained of and the details desired." *Id.* When a complaint fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief, the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense. . . . The Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying a plaintiff's claim for relief.

*Thomas v. Independence Twp.,* 463 F.3d 285, 301 (3d Cir. 2006).

The Court finds that Defendants cannot be reasonably required to frame a response to the Complaint in its current form. Accordingly, the Motion will be granted. An appropriate Order follows.

**AND NOW**, this 17th day of June, 2014:

It is hereby **ORDERED** that Defendants' Motion for a More Definite Statement is hereby **GRANTED** and Plaintiff's Complaint is dismissed in its entirety without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case closed. Plaintiff may reopen the case by filing an Amended Complaint that is legible and in compliance with Federal Rules of Civil Procedure 8 and 10.

The Amended Complaint must recite factual allegations which are sufficient to raise the Plaintiff's claimed right to relief beyond the level of more speculation, contain "a short and plain statement of the claim showing that the pleading is entitled to relief," Fed.R.Civ.P. 8(a)(2), set forth in averments that are "concise, and direct." Fed.R.Civ.P. 8(e)(1).

This Amended Complaint must be a new pleading which stands by itself as an adequate complaint without reference to any other pleading already filed. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D.Pa. 1992). The complaint should set forth Plaintiff's claims in short, concise

4

and plain statements, and in sequentially numbered paragraphs. The Amended Complaint should name the proper defendants, specify the offending actions taken by a particular defendant, be signed, and indicate the nature of the relief sought. Further, the claims should arise out of the same transaction, occurrence, or series of transactions or occurrences, and they should contain a question of law or fact common to all defendants.

The Court also notifies Plaintiff that, as a litigant who has sought leave to proceed in forma pauperis, his Amended Complaint may also be subject to a screening review by the Court to determine its legal sufficiency. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

<u>s/ Cynthia Reed Eddy</u>
Cynthia Reed Eddy
United States Magistrate Judge

cc: HERIBERTO RODRIGUEZ
FW-1620
SCI Pittsburgh
P.O. Box 99991
Pittsburgh, PA 15233

Timothy Mazzocca
Office of Attorney General
Email: tmazzocca@attorneygeneral.gov