# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERIBERTO RODRIGUEZ, | Civil Action No. 2: 14-cv-0324 |
| Plaintiff, | United States District Judge |
| | Arthur J. Schwab |
| v. | |
| | United States Magistrate Judge |
| JOHN E. WETZEL, et al., | Cynthia Reed Eddy |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Motion for Preliminary Injunction (ECF No. 4) be denied.

**II.  REPORT**

    A.    <u>Statement of the Case</u>

Plaintiff, Heriberto Rodriguez ("Plaintiff" or "Rodriguez") is a state prisoner committed to the custody of the Pennsylvania Department of Corrections ("DOC") and currently confined at the State Correctional Institution at Pittsburgh, Pennsylvania ("SCI-Pittsburgh"). He has been housed in the Secure Residential Treatment Unit ("SRTU"), a long-term psychological behavioral unit for inmates who have incurred many misconducts and shown an inability to function in prison, since December 2012. The claims and relief sought in this motion closely parallel the claims and relief made by Rodriguez in his Amended Complaint.

B.  <u>Standard of Review</u>

Inmate *pro se* pleadings, like those filed here, which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained:

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.

*Gerardi v. Pelullo,* 16 F.3d 1363 (3d Cir. 1994) (quoting *SI Handling Systems, Inc. v. Heisley*, 753 F.2d 1244, 1254 (3d Cir. 1985)).

A preliminary injunction is not granted as a matter of right. *Kerschner v. Mazurkewicz*, 670 F.2d 440, 443 (3d Cir. 1982). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" *Emile v. SCI-Pittsburgh*, 2006 WL 2773261 at *6 (W.D.Pa. 2006) (quoting *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (emphasis deleted). Furthermore, the Court must recognize that 'an [i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case.' *Plain Dealer Publishing Co. v. Cleveland Typographical Union #53,* 520 F.2d 1220, 1230 (6th Cir. 1975), *cert. denied,* 428 U.S. 909 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third

2

Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." *Madison Square Garden Corp. v. Braddock*, 90 F.2d 924, 927 (3d Cir. 1937).

*Emile,* 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Federal Rule of Civil Procedure 65, he must demonstrate both a reasonable likelihood of success on the merits and that he will be irreparably harmed if the requested relief is not granted. *Abu-Jamal v. Price*, 154 F.3d 128, 133 (3d Cir. 1998). If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." *Hohe v. Casey*, 868 F.2d 69, 72 (3d Cir. 1989).

These limitations on the power of courts to enter injunctions in a correctional context are further underscored by statute. Specifically, 18 U.S.C. § 3626 limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides that:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

18 U.S.C. § 3626(a)(1)(A).

With respect to preliminary injunctions sought by inmates, courts are also instructed that:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give

3

substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity . . . in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).

Furthermore, it is well settled that "[t]he purpose of a preliminary injunction is to preserve the status quo, not to decide the issues on the merits." *Anderson v. Davilla*, 125 F.3d 148, 156 (3d Cir. 1997). Therefore, in a case such as this, where the inmate - "Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, … [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate issue presented will be decided either by this Court or at trial. As a result, Rodriguez's motion for preliminary should be denied. *Messner,* 2009 WL 1406986, at *5.

In assessing a motion for preliminary injunction, the court must also consider the possible harm to other interested parties if the relief is granted. *Kershner*, 670 F.2d at 443. In addition, a request for injunctive relief in the prison context must be viewed with great caution because of the intractable problems of prison administration. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). Finally, a party who seeks an injunction must show that the issuance of the injunctive relief would not be adverse to the public interest. *Emile,* 2006 WL 2773261, at * 6 (citing *Dominion Video Satellite, Inc. v. Echostar Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001)).

C.    Discussion

Judged against this exacting standards, Rodriguez's motion for injunctive relief fails. At the outset, the Court notes that in the past, inmates have frequently sought preliminary injunctive relief compelling prison officials to take certain actions with respect to them during the pendency

4

of a lawsuit. Yet, such requests, while often made, are rarely embraced by the courts. Instead, applying Rule 65's exacting standards courts have frequently held that prisoner-plaintiffs have not shown that they are entitled to use a motion for preliminary injunction as a vehicle to compel prison officials to provide them with some specific relief and services pending completion of their lawsuits. *See, e.g., Goodwin v. Glunt*, 2013 WL 5202088 (W.D.Pa. 2013) (denying inmate preliminary injunction); *Messner v. Bunner*, 2009 WL 1406986 (W.D.Pa. 2009) (denying inmate preliminary injunction); *Brown v. Sobina*, 2008 WL 4500482 (W.D.Pa. 2008) (denying inmate preliminary injunction); *Emile*, 2006 WL 2773261, *6 (W.D.Pa. 2006) (denying inmate preliminary injunction).

The Court finds that the motion for injunctive relief in this case is wanting in several respects. First, in addition to the claims in the motion being largely duplicative of the claims in the Amended Complaint, the allegations in the motion appear to be a running update of similar new allegations and grievances by Rodriguez that allegedly occurred <u>after</u> the filing of his Complaint. This is an impermissible basis for seeking injunctive relief. *See, e.g., Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (finding that because plaintiff's motion was based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in the original lawsuit, they cannot provide the basis for a preliminary injunction); *Pages v. BRI, Inc.*, 1996 WL 255912, *1 (E.D.La. 1996) (determining that a preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not sought in the underlying action).

Next, while the Court does not in any way diminish Rodriguez's complaints, it finds that this inmate has not shown an immediate irreparable harm justifying a preliminary injunction.

*See, e.g., Rivera v. Pennsylvania Dep't of Corrections*, 346 F. App'x 749 (3d Cir. 2009). Since the matters about which Rodriguez complains in his Amended Complaint allegedly occurred between December 1, 2012, and March 13, 2014, it cannot be said that Rodriguez's complaint describes an immediate harm. Further, Rodriguez does not allege the type of irreparable harm which warrants a preliminary injunction. In this regard, when considering this benchmark standard for a preliminary injunction, it is clear that: "Irreparable injury is established by showing that Plaintiff will suffer harm that 'cannot be redressed by a legal or an equitable remedy following trial.' *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) ('The preliminary injunction must be the only way of protecting the plaintiff from harm'). Messner, 2009 WL 1406986, at *4. In this context, the word irreparable has a specific meaning and connotes "that which cannot be repaired, retrieved, put down again [or] atoned for . . .". *Acierno v. New Castle County*, 40 F.3d 645m 653 (3d Cir. 1994) (citations omitted). Thus, an injunction will not issue "simply to eliminate the possibility of a remote future injury . . . ." *Acierno*, 40 F.3d at 655 (citation omitted). Therefore, where an inmate-plaintiff is alleging that damages may be an adequate remedy, a preliminary injunction is often not appropriate since the inmate has not shown that he faces immediate <u>irreparable harm.</u> *Rivera v Pennsylvania Dep't of Corrections*, 346 F. App'x 749 (3d Cir. 2009); *Rush v. Correctional Medical Services, Inc.*, 287 F. App'x 142 (3d Cir. 2008).

Applying these legal standards in a case such as this, where "Plaintiff's request for immediate relief in his motion for preliminary injunction necessarily seeks resolution of one of the ultimate issues presented in [the] . . . Complaint, . . . [the] Plaintiff cannot demonstrate that he will suffer irreparable harm if he is not granted a preliminary injunction, because the ultimate

6

issue presented will be decided either by this Court, . . ., or at trial. As a result, Plaintiff's motion for preliminary injunction should be denied." *Messner*, 2009 WL 1406986, at *5.

In this case, much, if not all, of the injunctive relief sought by Rodriguez directly relates to the merits of the ultimate issues in this lawsuit. Since the ultimate issues in this lawsuit are inextricably intertwined with the assertions in this motion for injunctive relief, a ruling on the motion might be perceived as speaking in some way to the ultimate issues in this case. In such instances, the Court should refrain from prematurely granting such relief.

Further, the Court notes that Defendants' interests and the public interests in penological order could be adversely effected if the Court began dictating the treatment for the Plaintiff, one inmate out of thousands in the state prison system. Therefore, consideration of "whether granting preliminary relief will result in even greater harm to the nonmoving party; and . . . whether granting the preliminary relief will be in the public interest," *Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994), also weighs heavily against Rodriguez in this case.

For all these reasons, the Court finds that Rodriguez has not demonstrated a likelihood of success on the merits, and has not shown that he suffers an irreparable harm. Moreover, the motion is procedurally flawed, and granting this extraordinary relief could harm the public's interest and the interests of the opposing parties. An assessment of the factors which govern issuance of such relief under Rule 65 of the Federal Rules of Civil Procedure weighs against Rodriguez and compels the Court to recommend that this motion be denied.

## III. CONCLUSION

For all the foregoing reasons, it is recommended Plaintiff's Motion for Preliminary Injunction be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen (14) days after service of this Report and Recommendation to file written objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

                                                    s/ Cynthia Reed Eddy
                                                    Cynthia Reed Eddy
                                                    United States Magistrate Judge

Dated: February 5, 2015


cc:      HERIBERTO RODRIGUEZ
         FW1620
         SCI Pittsburgh
         P.O. Box 99991
         Pittsburgh, PA 15233
         (via U.S. First Class Mail)

         Timothy Mazzocca
         Office of Attorney General
         (via ECF electronic notification)