# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

HERIBERTO RODRIGUEZ,  )
            Plaintiff,  ) Civil Action No. 2:14-cv-00324
              )
            v.  ) District Judge Arthur J. Schwab
              )
JOHN E. WETZEL, et al.,  )
            Defendants.  )

## MEMORANDUM OPINION

The above captioned case was initiated by the filing of a Complaint on March 13, 2014, and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules for Magistrate Judges.

On August 7, 2014, Plaintiff filed an Amended Complaint [ECF No. 53]. Defendants filed a Partial Motion to Dismiss [ECF No. 55], which was granted in part and denied in part. ([ECF No. 87], adopting the report and recommendation [ECF No. 81] as the opinion of the court.) On August 20, 2015, after discovery closed, Defendants filed a Motion for Summary Judgment [ECF No. 109], with brief in support [ECF No. 110], a Concise Statement of Material Facts [ECF No. 111], and appendices [ECF Nos. 112 and 115]. On August 21, 2015, Plaintiff was Ordered to respond to the motion by September 16, 2015 [ECF No. 113].

On September 15, 2015, Plaintiff requested an extension of time to respond to the summary judgment motion [ECF No. 116]. By Text Order of September 16, 2015 [ECF No. 117], Plaintiff's request was granted and he was given an extension until October 30, 2015 to respond to the pending motion. To date, Plaintiff has neither filed a response to Defendants' Motion nor a motion for an additional extension of time.

1

This case has been lingering on the Court's docket solely through the fault of the Plaintiff, and should not be allowed to linger any longer. The Court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the Plaintiff fails to comply with orders issued by this Court. Moreover, such conduct should not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

A federal court has the discretion to dismiss a proceeding *sua sponte* based on a party's failure to prosecute the action. Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962); Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute and is subject to dismissal pursuant to Federal Rule of Civil Procedure 41(b), which states in pertinent part:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

A district court has the power to dismiss an action pursuant to Fed.R.Civ.P. 41(b) for failure to comply with an order of the court. *See, e.g.*, Shipman v. Delaware, 381 F. App'x 162, 164 (3d Cir. 2010) (a pro se plaintiff's failure to respond to an opposing party's motion to dismiss provides a basis for dismissing an action for failure to prosecute); Jackson v. U.S. Bankruptcy Court, 350 F. App'x 621, 625 (3d Cir. 2009) (concluding that district court did not abuse its discretion in dismissing this case for failure to prosecute based on, *inter alia*, plaintiff's failure to respond to three pending motions to dismiss); Allen v. American Federation of Government Employees, 317 F. App'x

2

180, 181 (3d Cir. 2009) (holding that district court did not abuse its discretion in dismissing complaint without explicitly weighing the Poulis factors when plaintiff failed to file an amended complaint as ordered by the court); Gagliardi v. Courter, 144 F. App'x 267 (3d Cir. 2005) (holding that district court did not abuse its discretion by dismissing, for failure to prosecute, a complaint where plaintiff failed to respond to motion to dismiss for more than three months and plaintiff did not appear to have a meritorious cause of action).

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

(1) extent of the party's personal responsibility;

(2) prejudice to the adversary;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) effectiveness of sanctions other than dismissal; and

(6) meritoriousness of the claim or defense.

In weighing the Poulis factors, the established presumption is that doubts should be resolved in favor of reaching a decision on the merits. Scarborough v. Eubanks, 747 F.2d 871, 878 (3d Cir. 1984). Notwithstanding, although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Consideration of these factors follows.

3

1. The Extent of the Party's Personal Responsibility

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the Order of September 16, 2015, directing him to file a response by October 30, 2015. The responsibility for his failure to comply is Plaintiff's failure alone.

2. Prejudice to the Adversary

Plaintiff has prejudiced the Defendants since his failure to respond has made it difficult for this court to determine whether any genuine issues of material fact exist. Additionally, Plaintiff's complaint forced Defendants to retain an attorney and expend time and energy to resolve this matter. By failing to respond to Defendants' motion, a decision on this matter has been unduly delayed.

3. A History of Dilatoriness

Plaintiff has made no effort to move this case forward and has ignored the court's order to respond to Defendants' motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case.

4. Whether the Party's Conduct Was Willful or In Bad Faith

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative Sanctions

There are no alternative sanctions which would adequately punish the Plaintiff for his failure to respond to Defendants' motion; imposing a monetary sanction on the prisoner would not be effective as he appears to be impecunious.

4

6. <u>Meritoriousness of the Claim or Defense</u>

It is difficult to assess the meritoriousness of Plaintiff's claims as his failure to respond has made it difficult for this Court to determine whether there are any genuine issues of material fact. This factor neither weighs for or against dismissal.

In summary, at least five of the six <u>Poulis</u> factors weigh heavily in favor of dismissal. Accordingly, this action will be dismissed without prejudice for Plaintiff's failure to prosecute it.

An appropriate Order will be entered.

By the Court:

Arthur J. Schwab
United States District Judge

DATED: November 20, 2015

cc: HERIBERTO RODRIGUEZ
FW1620
SCI Frackville
1111 Altamont Blvd.
Frackville, PA 17931
(via U.S. First Class Postage)

Timothy Mazzocca
Office of Attorney General
(via ECF electronic notification)